IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KAYLA CREAMER, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v | ) 2:16-cv-201 |
| | ) |
| STEPHEN SCHWARTZ *in his individual and official capacity as a police officer* and **JOHN HARTMAN** *in his individual and official capacity as a police officer*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) (ECF No. 9), with brief in support. Plaintiff Kayla Creamer has filed a brief in opposition to the motion (ECF No. 14), Defendants filed a reply brief, and it is ripe for disposition.

Factual and Procedural Background

This case arises out of an encounter between Plaintiff Creamer and Defendant police officers Schwartz and Hoffman on August 7, 2012. The facts pled in the Complaint will be accepted as true at this stage of the case. Plaintiff and her six-year-old child were staying at the residence of Patricia Gillon at 310(C) Market Street, Belle Vernon, Pennsylvania. The Complaint does not plead any facts as to the circumstances which caused the police officers to arrive at the scene of the incident that morning.

At the scene, Defendants directed Creamer to remain away from her car, which was parked outside the residence. The officers informed her that they were going to remove and kill her three dogs, which were inside the car. When Creamer attempted to question the officers,

they chased, pushed and shoved her away, and ultimately handcuffed her and placed her in the back of a patrol car.

Plaintiff was obviously pregnant at the time. While in the patrol car, she experienced abdominal pain and difficulty breathing. Defendants removed her from the car and removed the handcuffs. Emergency medical responders arrived and transported Creamer to the hospital. In the interim, Defendants took Creamer's car keys and performed a search of the car, including the trunk, without her consent.

On March 1, 2013, Defendants filed criminal charges against Creamer for: (a) Conspiracy/Possession of a Firearm with Manufacturer Number Altered; (b) Endangering Welfare of Children; (c) Marijuana/Small Amount Personal Use; (d) Use/Possession of Drug Paraphernalia (20 counts); (e) Cruelty to Animals (3 counts); and (f) Misdemeanor Disorderly Conduct. Defendants also caused a Pennsylvania felony fugitive arrest warrant to be issued against Creamer. On April 9, 2013, Creamer was arrested by U.S. Marshals in a "raid" on her residence in Hemet, California. She was taken into custody and was detained at various jails across the country while being transported to the Fayette County Jail. Creamer was released from jail on May 17, 2013. On or about February 26, 2014 and March 4, 2014, the above-stated criminal charges were either nolle prossed, dismissed or withdrawn by the Fayette County District Attorney and the Cruelty to Animals charges were dismissed.

On February 24, 2016, Plaintiff filed a 14-count Complaint in this Court. She asserts claims against each police officer for: false imprisonment on August 7, 2012 (the day of the original incident) under Pennsylvania law and Section 1983; false imprisonment from March 1, 2013 onward (for the filing of the felony fugitive warrant) under Pennsylvania law and Section

1983; malicious prosecution under Pennsylvania law and Section 1983; and use of excessive force on August 7, 2012 under Section 1983.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)  Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)).  However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 555).   Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step

approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See*

*Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Legal Analysis

Defendants contend that the Complaint should be dismissed in its entirety, with prejudice. Defendants contend that the allegations on the face of the Complaint demonstrate, as a matter of law, that Creamer's claims are untimely. In addition, Defendants contend that Plaintiff has failed to plead sufficient facts to make her claims plausible. In particular, as to the malicious prosecution claims, Defendants argue that Creamer failed to allege any facts to infer that Defendants acted without probable cause. The Court will address these arguments seriatim.

A. Statute of Limitations

Claims may be dismissed as untimely if the relevant facts are apparent on the face of the Complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Section 1983 claims are subject to the same limitations period as a personal injury claim under Pennsylvania law. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989). Thus, the applicable statute of limitations for all of the claims asserted by Creamer in this case is two years. 42 Pa.C.S. § 5524.

It is abundantly clear from the face of the Complaint that all of Creamer's claims (except for the malicious prosecution claims) are untimely. The original encounter occurred on August 7, 2012. The alleged filing of criminal charges and the felony fugitive arrest warrant occurred in March 2013. Creamer's subsequent arrest and detention extended from April to May, 2013. The Complaint was not filed until February 24, 2016 – almost three years later.

Plaintiff does not contest the facial applicability of the statute of limitations. Instead, she contends that the limitations period should be tolled under the doctrines of equitable tolling and/or the discovery rule. Neither argument is convincing.

Plaintiff cites *Vadino v. A. Valey Engineers*, 903 F.2d 253, 263 (3d Cir. 1990), for the proposition that equitable estoppel may occur "where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his lawsuit." However, Creamer has failed to plead any such conduct by Defendants. *See id*. (rejecting equitable estoppel theory for failure to plead basis for reasonable reliance). Moreover, Creamer was released from detention by May 2013, and thus Defendants did not prevent her from filing her Complaint within the applicable limitations period.

Plaintiff's "discovery rule" argument is equally meritless. Creamer was certainly aware of her false arrest/imprisonment and excessive force claims on August 7, 2012 – the date of the

6

incident. Similarly, Creamer was aware, or should reasonably have been aware, of the filing of charges and the felony fugitive arrest warrant no later than April 9, 2013, when she was taken into custody by the U.S. Marshals. *See Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011) (per curiam ) (plaintiff's claims of false arrest and false imprisonment accrued no later than when his arrests and detention occurred); *Rolax v. Whitman*, 175 F.Supp.2d 720, 727 (D.N.J. 2001) (noting that the discovery rule has been held to be inapplicable to § 1983 cases of false arrest because, in such case, "the plaintiff will be aware both of his injury, i.e., the wrongful arrest, and those responsible for that injury, i.e., the police, at the time of arrest, therefore no delay in the accrual of the cause of action is necessary"). In summary, Counts 1-4, 7-11 and 14) will be dismissed as untimely.

The malicious prosecution claims (Counts 5, 6, 12 and 13) are timely. Malicious prosecution claims require a distinct analysis because such claims do not become ripe until the criminal proceeding has ended in Plaintiff's favor. *See Tighe v. Purchase*, 2014 WL 3058434, at *15 (W.D. Pa. July 7, 2014) ("The favorable termination element is considered a threshold requirement."). As pled, the charges against Creamer were not nolle prossed, dismissed or withdrawn by the Fayette County District Attorney until February 26, 2014 or March 4, 2014. Because the Complaint was filed within two years of those dates, the malicious prosecution claims are timely.

### B. Whether Plaintiff Has Pled Cognizable Malicious Prosecution Claims

To plead a cognizable malicious prosecution claim under Section 1983, a plaintiff must establish that: "(1) the defendants initiated a criminal proceeding, (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the

7

defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). A claim for malicious prosecution under Pennsylvania law requires proof of only the first four elements of a federal malicious prosecution claim. *Wilson v. City of Philadelphia*, 2016 WL 1392250, at *23 n. 33 (E.D. Pa. Apr. 8, 2016) (citing *Haefner v. Burkey*, 626 A.2d 519, 521 (1993)).

Malicious prosecution claims are unique in that a plaintiff is required to "plead a negative" – that is, that the defendant officer(s) initiated the charges <u>without</u> probable cause. It is well-established that the requisite <u>lack</u> of probable cause is an essential element of the claim. Thus, Creamer is required to plead sufficient facts to make it plausible that the Defendant police officers lacked probable cause to file charges against her. *Wheeler v. Wheeler*, 2016 WL 231581, at *2 (3d Cir. Jan. 20, 2016) (unpublished). Bald, conclusory averments that Defendants acted without probable cause will not suffice. *Id*. (affirming dismissal of malicious prosecution claims). The *Wheeler* Court noted that a district court may properly take judicial notice of the state court docket regarding the charges alleged to have been filed maliciously. *Id*. at *3.

In this case, as in *Wheeler*, Creamer has failed to make allegations that call into question whether Defendants lacked probable cause to file charges against her. In response to the Motion to Dismiss, Creamer points to the following facts set forth in the Complaint: (1) that she was at the residence of another individual; (2) that her six-year-old child was present; (3) that Defendants directed that they were going to have to kill her three dogs inside the car; (4) that in response to her questioning, Defendants chased, pushed, shoved, handcuffed and put her in the

8

police car; and (5) that she was pregnant.[1]  None of these facts refutes (or even casts doubt on) the existence of probable cause.  One can be in the home of another, pregnant, with a child present, and also possess a firearm with an altered serial number, marijuana and drug paraphernalia.  The physical presence of a child seems to be a necessary element for a charge of child endangerment.  Similarly, that three dogs were locked in a car in August (the temperature on the date of the incident is not pled) may actually lend some credence to a charge of cruelty to animals.  There are no averments in the Complaint as to the circumstances that caused Defendants to come to the scene; whether or not Defendants acted pursuant to search/arrest warrants; or the information Defendants may have obtained between the date of the incident in August 2012 and the filing of charges almost eight months later, in March 2013.  Nor is it explained how Creamer became subject to a felony fugitive warrant.  In sum, the Complaint has failed to plead facts which might support a plausible conclusion that Defendants lacked probable cause, i.e., that they did not believe that there was "a probability or substantial chance" of criminal activity.  *Id*. at *2.  In summary, Plaintiff has failed to plead cognizable malicious prosecution claims and Counts 5, 6, 12 and 13 will also be dismissed.

Leave to Amend

Defendants seek dismissal with prejudice, without leave to amend.  Ordinarily, leave to amend should be liberally granted.  Indeed, if a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment even if not requested, unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp*., 293 F.3d 103 (3d Cir.  2002).

---

[1] The averments that Defendants knew there was no probable cause and that Plaintiff was "innocent" are mere legal conclusions.

Plaintiff has not requested leave to amend the Complaint. Leave to amend will likely be futile as to the time-barred claims, although Plaintiff in theory could attempt to plead some basis for equitable estoppel. It is unclear whether or not Plaintiff will be able to plead sufficient facts to show an absence of probable cause to make out cognizable malicious prosecution claims. Accordingly, the Court will permit Plaintiff one opportunity to file an Amended Complaint. The Court is unlikely to permit any subsequent amendments. Thus, if Plaintiff chooses to file an Amended Complaint, it will be critically important to address the shortcomings previously discussed to assure that the Amended Complaint contains sufficient factual allegations to render the claim(s) plausible in compliance with the applicable pleading standard.

<u>Conclusion</u>

In accordance with the foregoing, DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) (ECF No. 9) will be **GRANTED** and the Complaint will be **DISMISSED** in its entirety. Plaintiff shall have one opportunity to amend her Complaint. If she does not file an Amended Complaint on or before May 31, 2016, this case will be docketed closed.

An appropriate Order follows.

                                                                              McVerry, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAYLA CREAMER,
    Plaintiff,

v                              2:16-cv-201

STEPHEN SCHWARTZ *in his individual and official capacity as a police officer and* **JOHN HARTMAN** *in his individual and official capacity as a police officer*,
    Defendants.

## ORDER OF COURT

AND NOW, this 11th day of May, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) (ECF No. 9) is **GRANTED** and the Complaint is **DISMISSED** in its entirety. Plaintiff shall have one (1) opportunity to amend her Complaint. If she does not file an Amended Complaint on or before May 31, 2016, this case will be docketed closed.

                                          BY THE COURT:

                                          s/Terrence F. McVerry
                                          Senior United States District Judge

cc:    **All counsel of record**
       Via CM/ECF