# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA CREAMER,<br>Plaintiff,<br><br>v.<br><br>STEPHEN SCHWARTZ *in his individual and official capacity as a police officer* and JOHN HARTMAN *in his individual and official capacity as a police officer.*<br><br>Defendants. | 2:16-cv-201 |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF No. 18), with brief in support and several exhibits attached thereto. Plaintiff Kayla Creamer has filed a brief in opposition to the motion. (ECF No. 21).

### I.  Factual and Procedural Background

This case arises out of an encounter between Plaintiff Creamer and Defendant police officers Stephen Schwartz and John Hoffman on August 7, 2012. The gravamen of Plaintiff's complaint is that Defendants had no "probable cause and/or reasonable suspicion and/or exigent circumstances" to remove her dogs from her car and search her trunk. Am. Cmplt. at 6. Plaintiff further contends that a subsequent search of the residence at 310(C) Market Street, Belle Vernon, Pennsylvania, was also illegal because it was borne from the "fruit" of the illegal search of her trunk. *Id.*

Plaintiff initially filed a 14-count Complaint in this Court on February 24, 2016. The Court dismissed all but Plaintiff's malicious prosecution claims as untimely; dismissed the

malicious prosecution claims for failure to state a claim; and granted her limited leave to amend to plead a cognizable claim for malicious prosecution. Plaintiff's Amended Complaint again attempts to assert malicious prosecution claims against Defendants Schwartz and Hartman under federal and state law. Defendants have renewed their Motion to Dismiss the Amended Complaint in its entirety.

## II. Discussion

To plead a cognizable malicious prosecution claim under Section 1983, a plaintiff must establish that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti,* 564 F.3d 181, 187 (3d Cir. 2009). A claim for malicious prosecution under Pennsylvania law requires proof of only the first four elements of a federal malicious prosecution claim. *Wilson v. City of Philadelphia,* 2016 WL 1392250, at *23 b. 33 (E.D. Pa. Apr. 8, 2016) (citing *Haefner v. Burkey,* 626 A.2d 519, 521 (1993)).

Malicious prosecution claims are unique in that a plaintiff is required to "plead a negative" - that is, that the defendant officer(s) initiated the charges <u>without</u> probable cause. It is well established that the requisite <u>lack</u> of probable cause is an essential element of the claim. Thus, Plaintiff is required to plead sufficient facts to make it plausible that the Defendant police officers lacked probable cause to file charges against her. *Wheeler v. Wheeler,* 2016 WL 231581, at *2 (3d Cir. Jan. 20, 2016) (unpublished). Bald, conclusory averments that Defendants acted

2

without probable cause will not suffice. *Id.* (affirming dismissal of malicious prosecution claims).

In support of their Motion to Dismiss, Defendants have provided the Court with a copy of the "Application for Search Warrant and Authorization" with attached "Affidavits of Probable Cause." (*See* ECF Nos. 19-2, 19-3). The Search Warrant for the residence at 310(C) Market Street was issued on August 7, 2012.[1] As set forth in the Affidavit of Probable Cause accompanying the August 7 Search Warrant: Defendant Schwartz went to the residence at 310(C) Market Street at 10 a.m. that morning because a caller reported that three dogs had been left in a vehicle in "extreme heat"; Fayette County Animal Control arrived on the scene and recommended that the animals be seized; Defendants took the dogs into custody and seized the car as evidence; Defendants then conducted a custodial inventory search of the vehicle to account for items of value; in the vehicle's trunk, Defendants found drugs and drug paraphernalia including contraband relating to the manufacturing of marijuana. Based on this information, Defendants applied for and obtained a Search Warrant to search the home approximately two hours later, at 12:10 p.m. Defendants obtained a search warrant for the car the next day, on August 8, 2012.

Defendants contend that probable cause existed for their actions. However, the facts set forth in the Affidavit were not pled in the Amended Complaint. At the Motion to Dismiss stage, this Court cannot consider the underlying facts set forth in Defendants' Affidavits of Probable cause. *Ford Motor Co. v. Summit Motor Products, Inc.* 930 F.2d 277, 284 (3d Cir. 1991). Fed. R. Civ. P. 12(d) explicitly states that when matters outside the pleadings are presented in a Rule 12(b)(6) motion to dismiss, the motion should be treated as one for summary judgment. The

---

[1] The actual Application for Search Warrant is dated July 7, 2012. (ECF No. 19-2). While this is may be a clerical mistake of date, it would be helpful for Defendants to clarify the correct date.

court must provide notice of its intention to convert the motion and allow both parties an opportunity to submit materials admissible in a summary judgment proceeding. *Id.* at 284 (quoting *Rose v. Bartle,* 871 F.3d 331, 342 (3d Cir. 1989)). Only then may the court proceed to evaluate the motion as a request for summary judgment under Rule 56. *Id.*

The issue of probable cause will likely be dispositive of this case, such that full-blown discovery would not be consistent with Fed. R. Civ. P. 1. Therefore, the Court will allow both parties to submit additional materials regarding probable cause, or the lack thereof, before ruling on the present motion.

### III. Conclusion

Pursuant to Rule 12(d), the Court gives notice of conversion to summary judgment and will provide the parties with a reasonable opportunity to respond, as follows:

1. On or before August 2, 2016, Defendants may submit any additional evidence and argument in support of their now-converted motion for summary judgment.

2. On or before August 23, 2016, Plaintiff may file a response to Defendants' motion for summary judgment (with additional evidence and memorandum of law as necessary).

**SO ORDERED THIS 15th DAY OF JULY, 2016.**

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of record
(via CM/ECF)