IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA CREAMER,<br>Plaintiff,<br><br>v.<br><br>STEPHEN SCHWARTZ *in his individual and official capacity as a police officer and* **JOHN HARTMAN** *in his individual and official capacity as a police officer.*<br><br>Defendants. | 2:16-cv-201 |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 23), with brief, Concise Statement of Material Facts ("CSMF") and exhibits in support (ECF Nos. 24, 25). Plaintiff Kayla Creamer has filed a response, brief, and counter-statement of facts[1] in opposition to the motion. (ECF Nos. 28, 29, 30). Defendants filed a reply brief and response to Plaintiff's counter-statement of facts (ECF Nos. 31, 32).

### I.  Factual and Procedural Background

This case arises out of an encounter on August 7, 2012 in Belle Vernon, Pennsylvania between Plaintiff Creamer and Defendant police officers Sergeant Stephen Schwartz and Chief of Police John Hoffman of the Southwest Regional Police Department. The gravamen of Plaintiff's complaint is that Defendants had no "probable cause and/or reasonable suspicion and/or exigent circumstances" to remove her dogs from her car and search its trunk. Am. Cmplt.

---

[1] The counter-statement largely re-states the allegations of the Amended Complaint, which is improper at the summary judgment stage. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings.") Plaintiff has also submitted several exhibits.

at 6. Plaintiff further contends that a subsequent search of the residence at 310(C) Market Street, Belle Vernon, Pennsylvania, was also illegal because it was borne from the "fruit" of the illegal search of her trunk. *Id.*

Plaintiff initially filed a 14-count Complaint in this Court on February 24, 2016. The Court dismissed all but Plaintiff's malicious prosecution claims as untimely; dismissed the malicious prosecution claims for failure to state a claim; and granted her limited leave to amend to plead a cognizable claim for malicious prosecution. Plaintiff's Amended Complaint again attempts to assert malicious prosecution claims against Defendants Schwartz and Hartman under federal and state law. Defendants renewed their Motion to Dismiss the Amended Complaint in its entirety. Because Defendants sought to introduce additional facts, the Court converted the motion to dismiss into a motion for summary judgment and gave both parties an opportunity to submit additional evidence and argument. Defendants filed a motion for summary judgment and it is now ripe for disposition.

## II. Discussion

To plead a cognizable malicious prosecution claim under Section 1983, a plaintiff must establish that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti,* 564 F.3d 181, 187 (3d Cir. 2009). A claim for malicious prosecution under Pennsylvania law requires proof of only the first four elements of a federal malicious prosecution claim. *Wilson v. City of Philadelphia,* 2016 WL

1392250, at *23 b. 33 (E.D. Pa. Apr. 8, 2016) (citing *Haefner v. Burkey,* 626 A.2d 519, 521 (1993)).

Malicious prosecution claims are unique in that a plaintiff is required to "plead a negative" - that is, that the defendant officer(s) initiated the charges <u>without</u> probable cause. It is well established that the requisite <u>lack</u> of probable cause is an essential element of the claim. Thus, Plaintiff is required to plead sufficient facts to make it plausible that the Defendant police officers lacked probable cause to file charges against her. *Wheeler v. Wheeler,* 2016 WL 231581, at *2 (3d Cir. Jan. 20, 2016) (unpublished). Bald, conclusory averments that Defendants acted without probable cause will not suffice. *Id.* (affirming dismissal of malicious prosecution claims).

Based on the evidentiary record that has been developed in this case, no reasonable jury could find that the Defendant officers lacked probable cause to file charges against Creamer. The encounter began on August 7, 2012 at 10:00 a.m., when Chief Hartman and Sergeant Schwartz were dispatched to a residence at 310(C) Market Street because a caller reported that three dogs had been locked in a hot vehicle for several days. The officers arrived at the address and confirmed that three large pit bull dogs were indeed locked in a gray Honda Accord with Nevada license plates. The temperature was approximately 80 degrees and the officers noted that the windows were slightly cracked for ventilation. The officers observed that the vehicle smelled of urine, which indicated that the dogs had been in the vehicle for some time.

Fayette County SPCA (Animal Control) arrived on the scene at approximately 11:00 a.m. The SPCA determined that the dogs were in danger and seized them. Creamer came out of the house and admitted to her ownership of the Honda and the dogs. The SPCA advised the officers that the condition of the dogs rose to the level of a criminal offense. Thus, despite Creamer's

protestations that the windows were cracked and the dogs were otherwise properly cared for, Defendants had probable cause to charge Creamer with the crime of cruelty to animals.

The officers reasonably believed that Creamer was conducting herself in an aggressive and belligerent manner and was creating a disturbance. At one point, she defied Sergeant Schwartz' order that she was under arrest by saying "No, I'm not"; attempted to walk back into the house; and disobeyed his order to stop. Neighbors eventually convinced Creamer to submit to authority, and she sat – without handcuffs - in the back of the police car with the door open.

Defendants seized the Honda as evidence of the cruelty to animals crime and confirmed that Creamer was registered as the vehicle owner. Defendants then conducted a custodial inventory search of the vehicle to account for items of value. In the vehicle's trunk, Defendants found a large glass jar containing suspected marijuana and paraphernalia relating to the manufacturing of marijuana (fertilizer, high wattage light bulbs, fans and instructions). This evidence was seized and a towing company was ordered to secure the vehicle.

During their investigation, a witness reported to the officers that Creamer had arrived at the house two days earlier, and that there had been a cargo container on the roof of the Honda. The officers observed a cargo container on the ground outside the house, with its lid open. In plain view were a blue tarp, dirt and the handles of shovels.

Based on this information, Defendant Schwartz applied for and obtained a Search Warrant to search the home at approximately 12:10 p.m. Defendant Hartman remained at the scene. After the search warrant was granted by Magistrate District Judge Jesse Cramer, Defendants searched the house at 310 C Market Street. Creamer was the only adult present at the time. Also in the home was her six-year-old son. In the home, Defendants found a sawed-off 410 caliber shotgun; a 20 gauge shotgun; three high watt light fixtures; a bong; hydroponic

equipment; a machete; five different types of ammunition; and a small amount of marijuana. The shotguns and ammunition were unsecured and had been stored amongst children's toys and books.

Defendants applied for a search warrant for the Honda the next day, on August 8, 2012. This warrant was also granted by Magistrate District Judge Jesse Cramer. Defendants then searched the vehicle and found a binder labeled "Frank's Legal Binder," which included extensive directions regarding how to grow marijuana; a medical marijuana license in the name of Frank Gillon; and some computer equipment. The same day, Defendants interviewed Patricia Joyce Gillon, the lessee of the home at 310 C Market Street. Ms. Gillon stated that Frank Gillon (her stepson) and Creamer had moved the seized items into her home; that the items were used for growing marijuana; and that Frank Gillon admitted that the sawed-off shotgun was his. Ms. Gillon executed a Waiver and Consent to Search form. Also on August 8, Schwartz obtained another search warrant for the computer equipment. Upon examination, Sergeant Schwartz found pictures of Frank Gillon holding large marijuana plants.

As part of the investigation, Defendants submitted the seized weapons to the Pennsylvania State Police Crime Lab for analysis. On February 22, 2013, Schwartz received a ballistics report from the Crime Lab regarding the sawed-off shotgun. The gun was operational; it serial number on the shotgun was not able to be recovered, and its barrel was far shorter than the minimum legal length.

On March 1, 2013, Schwartz applied for an arrest warrant for Creamer. Magisterial District Judge Cramer approved the filing of the following criminal charges against Creamer: (1) endangering the welfare of children; (2) marijuana/small amount personal use; (3) use/possession of drug paraphernalia (20 counts); (4) cruelty to animals (3 counts); and (5) misdemeanor

5

disorderly conduct. Magisterial District Judge Cramer issued the arrest warrant. Because the issue of probable cause is dispositive, the Court need not detail the facts regarding the seizure of Creamer and disposition of the charges against her.

Probable cause exists if there is an objectively reasonable belief at the time of the arrest that the suspect committed a crime(s). *Dowling v. Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). Under the facts and circumstances of this case, no reasonable jury could find a lack of probable cause. Three dogs were being kept in a car in hot August weather with the windows cracked, and the car smelled of urine. As noted above, the Fayette County SPCA personnel arrived on scene and advised Defendants that Creamer's mis-treatment of the three dogs was criminal. In *Lawson v. Pennsylvania SPCA*, 124 F. Supp. 3d 394, 399 (E.D. Pa. 2015), the Court recognized that "SPCA is a Pennsylvania non-profit corporation empowered to enforce Pennsylvania law pertaining to the prevention of cruelty to animals through its Humane Society officers." Defendants were certainly entitled to follow the advice of the animal control agents in filing the cruelty to animals charges against Creamer.

In *Kossler v. Crisanti*, the Court of Appeals explained that the existence of probable cause for arrest on at least one charge precludes a plaintiff from succeeding on a malicious prosecution claim with respect to any of the charges brought against her. 564 F.3d 181, 193–94 & n.8 (3d Cir. 2009) (*citing Wright v. City of Philadelphia*, 409 F.3d 595 (3d Cir. 2005)). The *Kossler* Court noted the "considerable tension" between *Wright* and the case on which Creamer relies, *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (probable cause on one charge does not bar malicious prosecution claims on other charges), but noted that the earlier *Wright* opinion is controlling. In this case, the Court need not reconcile *Wright* and *Johnson* because it concludes that there was probable cause to support each of the charges filed against Creamer.

6

It was entirely appropriate to seize the Honda as evidence and to conduct an inventory search of the vehicle. This search was not illegal. *United States v. Mundy*, 621 F.3d 283, 287 (3d Cir. 2010) (citations omitted). Based on the discovery of the items in the trunk and the luggage container, there was probable cause to obtain and rely on the search warrant issued by the Magistrate District Judge for the home.

In executing the search warrant for the home, Defendants seized two shotguns and five types of ammunition. These weapons were unsecured and were in the same area as childrens' toys and books. Only Creamer and her six-year-old son were present in the home. Thus, there was probable cause to charge her with endangering the welfare of a child. Creamer's response – that one of the guns (the sawed-off shotgun) belonged to her boyfriend – is entirely unpersuasive. First, Frank Gillon was not present at the scene on August 7, 2012 when Defendants conducted the search. Moreover, more than one person may have the power and intention to exercise control over a firearm. "Possession" may be exclusive or joint; possession may be momentary or fleeting; and possession may be actual or constructive. *See* Third Circuit Model Criminal Jury Instruction 6.18.922G-4 (defining knowing possession of firearm). The officers had more than sufficient facts to believe that Creamer exercised dominion and control over the guns and ammunition on August 7, and placed them in close proximity to her young child.

The same "joint possession" analysis applies to the marijuana growing paraphernalia. The officers had probable cause to believe that Creamer and Gillon jointly transported that paraphernalia across the country in Creamer's car. Indeed, Ms. Gillon had stated to the officers that both Frank and Creamer had moved the items into her home.

Finally, there was probable cause for Defendants to charge Creamer with disorderly conduct, based on her aggressive, belligerent and defiant manner on August 7, 2012 and her refusal to comply with Sergeant Schwartz' order that she was under arrest.

The Court notes that the Defendant officers properly obtained search warrants for the Honda, the home, and the computer equipment. The Court further notes that the officers obtained an arrest warrant from Magisterial District Judge Cramer and that he approved the filing of the criminal charges. That the arrest warrant was issued by a magistrate or judge does not, by itself, entirely shelter an officer from liability for false arrest. However, to overcome it, a plaintiff must show (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997).

Plaintiff contends that Defendants omitted and/or misrepresented the following facts: (1) that Creamer was in the residence of Patricia Gillon; (2) that Gillon was the stepmother of Creamer's companion, Frank Gillon; (3) that the windows in the Honda were down enough to allow ventilation for the dogs; (4) that the dogs were properly cared for in terms of feeding, watering and grooming; (5) that Creamer was visibly pregnant at the time of the incident; and (6) that she was accompanied by her six-year-old child. The Court finds that, as a matter of law, these facts are not material. They (either alone and/or in combination) would not have led to the absence of probable cause on any of the charges filed.[2] As discussed above, nothing about being in the home of her boyfriend's stepmother or being pregnant or having a child present is

---

[2] In *Dempsey v. Bucknell Univ.*, 2016 WL 4434400, at *6 (3d Cir. Aug. 22, 2016), the Court of Appeals for the Third Circuit recently required the Court to perform a "word for word" reconstruction of the affidavit(s) at issue. Because the evidence of probable cause in this case is so overwhelming (even assuming, arguendo, the allegedly omitted facts), the Court has addressed the materiality prong of the analysis first.

inconsistent with the ability to possess firearms and drug paraphernalia. The presence of dogs and a young child are actually necessary elements of the cruelty to animals and child endangerment charges. The Court also notes that most of the challenged facts were, indeed, disclosed to the Magisterial District Judge, including that the windows on the Honda were cracked, that Creamer was pregnant and a small child was present, that she had recently arrived from out-of-state, and that the sawed-off shotgun belonged to Frank Gillon.

### III. Conclusion

In summary, based on the more fully-developed record in this case, the Court concludes that Defendants are entitled to summary judgment on all of the remaining malicious prosecution claims. Accordingly, DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 23) will be **GRANTED**.

An appropriate Order follows.

McVerry, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA CREAMER,<br>Plaintiff,<br><br>v.<br><br>STEPHEN SCHWARTZ *in his individual and official capacity as a police officer and* JOHN HARTMAN *in his individual and official capacity as a police officer.*<br><br>Defendants. | )<br>)<br>) 2:16-cv-201<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER of COURT

AND NOW, this 21ST day of September, 2016, IT IS HEREBY ORDERED, ADJUDGED and DECREED that DEFENDANTS STEPHEN SCHWARTZ AND JOHN HARTMAN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 23) is **GRANTED**. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of record
  (via CM/ECF)